PD-0355-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/7/2015 5:09:16 PM
Accepted 4/15/2015 11:04:49 AM
ABEL ACOSTA
CLERK

CAUSE NO. PD-0355-15

IN THE

COURT OF CRIMINAL APPEALS

FOR THE

STATE OF TEXAS

**RUBEN HEREDIA**

VS.

**THE STATE OF TEXAS**

**PETITION FOR DISCRETIONARY REVIEW FOR RUBEN HEREDIA**

STEVE A. KEATHLEY
State Bar No. 00787812

KEATHLEY & KEATHLEY
412 West 3rd Avenue
Corsicana, Texas 75110
Telephone: (903) 872-4244
Telecopier: (903) 872-4102
Attorney for Ruben Heredia

FILED IN
COURT OF CRIMINAL APPEALS

April 15, 2015

ABEL ACOSTA, CLERK

## NAMES OF ALL PARTIES

*Trial Court Judge*

Honorable Amanda Putman
Navarro County Court at Law Judge
300 West 3rd Avenue
Suite 15
Corsicana, Texas 75110

*Trial Attorney*

Neal Green
Attorney at Law
110 West Collin Street
Corsicana, Texas 75110

*Appellant*

Mr. Ruben Heredia
TDCJ #01910566
Alfred D. Hughes Unit
Route 2 Box 4400
Gatesville, Texas 76597

*Attorney for the Appellant*

Steve A. Keathley
Keathley & Keathley Law Office
412 West 3rd Avenue
Corsicana, Texas 75110

*Counsel for the State*

Mr. Lowell Thompson
District Attorney
300 West 3rd Avenue
Corsicana, Texas 75110

# TABLE OF CONTENTS

**Page**

**Table of Contents** ………………………………………………….... 3

**Index of Authorities**………………………………………………… 4

**Statement Regarding Oral Argument** ………………………………….. 5

**Statement of the Case**............................................................................ 5

**Statement of Procedural History** …………………………………….. 6

**Ground for Review** …………………………………………………. 6

**Argument**...................................................................................... 6

**Prayer**................................................................................... 10

**Certificate of Service**........................................................................ 11

**Appendix** …………………………………………………………….. 12

# INDEX OF AUTHORITIES

CASES                                                                        Page


*Bishop v. State*, 869 S.W. 2d.  342, 345 (Tex. Crim. App. 1993) ..................... 9

*Douthitt v. State*, 931 S.W. 2d 244 (Tex. Crim. App. 1996) ........................... 7

*Joseph v. State*, 309 S.W. 3rd 20 (Tex. Crim. App.)..................................... 7

*Montgomery v. State*, 810 S.W. S.W. 2d 372 (Tex. Crim. App 1990) ................ 9-10

*Rhode Island v. Innis*, 446 U.S. 291 (1980)............................................. 7

*Stansberry v. California*, 511 U.S. 318,  (1994) ............................................. 7

*United States v. Mendenhall* 446 U.S. 544, 544 (1980) ................................. 7

## U.S. CONSTITUTION & STATUTES

Article 38.22 of the Texas Code of Criminal Procedure ................................... 6

Texas Rules of Evidence 401 ................................................................. 9

Texas Rules of Evidence 404(b) ............................................................. 8-9

Texas Rules of Evidence 403 ................................................................. 9

## PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

COMES NOW, RUBEN HEREDIA, Petitioner in this cause, by and through his attorney, Steve A. Keathley, and files his petition for discretionary review. Pursuant to this request we Would respectfully show the Court the following:

### STATEMENT REGARDING ORAL ARGUMENT

Oral Argument is not requested on behalf of Heredia.

### STATEMENT OF THE CASE

The Appellant was charged by a Navarro County Grand Jury with the crime of Possession of a Controlled Substance over 4 grams and under 200 grams. The Appellant was tried in the 13th Judicial District Court of Navarro County. The trial commenced on November 4th 2013. On November 6th after trial testimony the jury returned a verdict of guilty. The court recessed for the preparation of a presentence investigation, and on November 27, 2014 the District Court reconvened the case, heard testimony from friends and family of the Appellant. It thereafter sentenced the Appellant to sixty years (60) in the Texas Department of Criminal Justice.

The Appellant filed a timely notice of appeal however that Appeal was denied by the 10th Court of Appeals by written opinion on March 5, 2015. Hence follows this Petition for Discoretionary Review.

## STATEMENT OF PROCEDURAL HISTORY

The date of the opinion of the 10th Court of Appeals was March 5, 2015. No motion for rehearing was filed.

## GROUND FOR REVIEW

1. *Did the Trial Court commit error when it denied the Appellant's Motion to Suppress Statements of the Appellant and allowed various statements of the Appellant to be introduced at trial;*
     *(1)     in violation of Article 38.22 of the Code of Criminal Procedure? and...*
     *(2)     in violation of the Texas Rules of Evidence Rules 401, 404(b) and 403 and the rules prohibiting the introduction of an extraneous offense to be introduced before the jury?*

## ARGUMENT

A.     **Violation of 38.22 of the Texas Rules of Criminal Procedure**

Article 38.22 of the Texas Code of Criminal Procedure states in part:

*Section 3. (a) no oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless:*

*(1) An electronic recording, ………………….. is made of the statement;*

*(2) Prior to the statement but during the recording, the accused is given the warning in Subsection (a) of Section 2 [advised of right to have attorney], above and the accused knowingly, and voluntarily waives any rights set out in the warning;*

An encounter between officers and an individual has been determined to

be nonconsensual or custodial only if a reasonable person would believe he or she was not free to leave under those circumstances of that encounter. *United States v. Mendenhall* 446 U.S. 544, 544 (1980) and *Stansberry v. California*, 511 U.S. 318, (1994), *Douthitt v. State*, 931 S.W. 2d 244 (Tex. Crim. App. 1996). Questions or comments by an officer to a suspect will be considered an interrogation if the questions are intended to illicit an incrimination response. *Rhode Island v. Innis*, 446 U.S. 291 (1980).

Furthermore, it is important that the person in fact does waive his rights. Courts have held that an express waiver of the rights is not necessarily required under Article 38.22 or the *Miranda* warnings, and a totality of circumstances indicating that the Defendant did wish to waive his rights were sufficient. *Joseph v. State*, 309 S.W. 3rd 20 (Tex. Crim. App.).

The present case is distinguishable from *Joseph.* It, it is clear that the question posed to the Appellant under the circumstances of the encounter with the Trooper were made during a custodial interrogation of the Appellant. The Appellant was in a vehicle that had been pulled over for a traffic stop, a warrant on the Appellant was discovered and he was in custody. He was not free to leave and thereafter was questioned by law enforcement

After a review of State's Exhibits, where the Appellant is asked by the Trooper if he wished to waive his rights, he states, "*No*".

Therefore, the Appellant did not give up his 5th Amendments rights under the United States and Texas Constitutions or meeting the full requirements of 38.22 of the C.C.P. He was nevertheless questioned further; therefore every statement of the Appellant thereafter should have not been introduced to the jury.

Wherefore, the Trial Court erred in overruling the Appellant's objection to introduction

of statements; specifically the statements made in the out-of-the-jury- presence hearing on the motion to suppress, as well as at trial.   This Honorable Court should grant Review for that purpose.


B.      **Introduction of Extraneous Offenses**

In addition to the forgoing argument, the introduction of the variety of extraneous offenses and matters.

They were:

[reference to] **"warrant of arrest"** *of Appellant*

**"Cocaine Sales"**

| | |
|---|---|
| *"found shit"* | *Appellant's words* |
| *"used cocaine"* | *Appellant's words* |
| *"[police are] white trash"* | *Appellant's words* |
| *Boyfriend paid" (for dope)* | *Appellant's words* |

**The price of cocaine**

**The purchase of cocaine**


The introduction of these extraneous offenses were improper and the Court should have sustained the Appellant's objection and disallowed its introduction by the State on that ground as well.

In pertinent parts, Rule 404(b) of the Texas Rules of Evidence states as follows:

*"Other Crimes, Wrongs, or Acts.  Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in*

*conformity therewith. It may however be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, or plan, knowledge, identity, or absence of mistake or accident, provided upon timely request by the accused, - reasonable notice given in advance of trial of the intent to introduce in the State's case in chief such evidence other than that arising in the same transaction."*

Rule 401 states as follows:

*"Relevant Evidence means having any tendency to make existence of any fact that is of consequence to the termination of the actual more probable or less probable than it would be without the evidence."*

Rule 403 stats as follows:

*"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or considerations of undue delay, or needless presentation of cumulative evidence."*

An action does not have to be an actual crime for the Rules of Evidence to apply. *Bishop v. State*, 869 S.W. 2d. 342, 345 (Tex. Crim. App. 1993). In *Bishop*, the Court of Criminal Appeals concluded that evidence of certain sexual acts was at minimum evidence of extraneous acts and found that analysis under Rule 404(b) and 403 was permissible. In that case, the Court held that such testimony was prejudicial and greatly outweighed any probative value, and should not have been admitted at trial. *Id. at 346.*

*Montgomery v. State*, 810 S.W. S.W. 2d 372 (Tex. Crim. App 1990), remains the standard case for definition and guidance on the introduction of extraneous offenses, requiring a showing of proof and relevance to a court prior to introduction before a jury. In that case, the Court held that, among other matters, the extraneous conduct must be proven beyond a reasonable doubt to the trial court in a gate-keeping hearing outside the presence of the jury; and the Court must find that the extraneous allegations to be relevant before they can be introduced.

In the Appellant's case, such introduction of the Petitioner's statements that he had previously used cocaine on another occasion, that he called the police "White Trash", that he had a warrant for his arrest, and that he discussed the general price and sales of cocaine was irrelevant, and prejudicial. This case deals with the accusation that the Appellant possessed an amount of cocaine. The introduction of matters extraneous, particularly the allegation that the Appellant had a (1) *"warrant of arrest"* was not relevant to the matter at hand. Neither was the statement made by the Appellant that (2) *the [police are] white trash.*" This statement, showing nothing but an inappropriate term, is also not relevant and prejudicial.

Therefore, the allowance of this evidence acts to harm the Appellant for a crime for which he was not on trial for in this proceeding, in a matter that is not relevant and violates the tenants of *Montgomery* and the Rules of Evidence 401, 404(b) and Rule 403.

Wherefore, the Trial Court committed error when it allowed the statement over the objections of the Appellant for these grounds, as well as the grounds made earlier in this brief. This Honorable Court of Criminal Appeals should grant review on this issue. as well.

## PRAYER

For the reasons cited in this brief, the Petitioner respectfully prays that this Court grant discretionary review.

Respectfully submitted,

KEATHLEY & KEATHLEY
Attorneys At Law
412 West 3rd Avenue
Corsicana, Texas 75110
Telephone: (903) 872-4244
Telecopier: (903) 872-4102

BY: _____
STEVE A. KEATHLEY
Attorney for Ruben Heredia
State Bar No. 00787812

## CERTIFICATE OF SERVICE

I, Steve Keathley, hereby certify that a true and correct copy of the foregoing has been delivered to Mr. Lowell Thompson, District Attorney on April 7, 2015.

_____
STEVE A. KEATHLEY

## CERTIFICATE OF COMPLIANCE

I, Steve Keathley, hereby certify that it is my belief that this Petition for Discretionary Review has 1,876 words as indicated by my word check program that is associated with the word processing software on my computer at my office.

_____
STEVE A. KEATHLEY

# APPENDIX



IN THE
TENTH COURT OF APPEALS

No. 10-14-00014-CR

RUBEN HEREDIA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the County Court at Law
Navarro County, Texas
Trial Court No. C34853-CR

## MEMORANDUM OPINION

Ruben Heredia was convicted of possession of a controlled substance, cocaine, and sentenced to 60 years in prison. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010). Heredia was the front seat passenger in a vehicle stopped by a Department of Public Safety trooper for traffic violations, and cocaine was found in the vehicle. Because the trial court did not err in denying Heredia's motion to suppress or in denying Heredia's motion for directed verdict, the trial court's judgment is affirmed.

## MOTION TO SUPPRESS

Heredia first contends that the trial court erred in denying Heredia's motion to suppress several of his statements because the statements were 1) taken in violation of article 38.22 of the Texas Code of Criminal Procedure; and 2) inadmissible pursuant to Texas Rules of Evidence 401, 404(b), and 403. Heredia did not request findings of fact and conclusions of law following the denial of his motion to suppress. However, we abated this appeal so that the trial court could supply finding of fact and conclusions of law regarding the voluntariness of Heredia's statements. *See Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013). Those findings and conclusions were supplied, and we reinstated this appeal.

We employ a bifurcated standard of review when reviewing motions to suppress. *Baird v. State*, 398 S.W.3d 220, 226 (Tex. Crim. App. 2013). We measure the propriety of the trial court's ruling under the totality of the circumstances, extending almost total deference to the trial court's rulings on questions of historical fact, as well as on its application of law to fact questions that turn upon credibility and demeanor. *Pecina v. State*, 361 S.W.3d 68, 79 (Tex. Crim. App. 2012); *Leza v. State*, 351 S.W.3d 344, 349 (Tex. Crim. App. 2011). We review de novo the trial court's rulings on questions of law and its rulings on application of law to fact questions that do not turn upon credibility and demeanor. *Pecina*, 361 S.W.3d at 79; *Leza*, 351 S.W.3d at 349. We view the record in the light most favorable to the trial court's conclusion and reverse the

judgment only if it is outside the zone of reasonable disagreement. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

*Waiver of Rights*

Heredia first complains under this issue that the statements were inadmissible because they were taken in violation of article 38.22 of the Texas Code of Criminal Procedure. Under article 38.22, no oral statement of an accused made as a result of custodial interrogation shall be admissible against an accused in a criminal proceeding unless (1) the statement was recorded and (2) prior to the statement but during the recording, the accused was warned of his rights and knowingly, intelligently, and voluntarily waived those rights. TEX. CODE CRIM. PROC. ANN. art. 38.22 § 3(a); *Joseph v. State*, 309 S.W.3d 20, 23-24 (Tex. Crim. App. 2010). The warnings required by article 38.22 include those stated in *Miranda*[1] and, in addition, a warning that the accused "has the right to terminate the interview at any time." TEX. CODE CRIM. PROC. ANN. art. 38.22 §§ 2(a), 3(a)(2); *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007).

Heredia's statements were recorded on an in-car video recording device after Heredia was placed under arrest for an outstanding warrant and placed in Trooper Dustin Gilmore's patrol unit. He does not argue that the statements are inadmissible because they were not recorded or that they were improperly recorded. Rather, he argues that the eight statements, made either by Heredia or about him, were

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

inadmissible because he was either not properly warned of his statutory rights under article 38.22 § 2(a) or did not waive those statutory rights.

The first statement mentioned by Heredia in his brief is a reference to an arrest warrant for Heredia. This statement was not made by Heredia; thus, article 38.22 is not invoked and the trial court did not err in admitting the statement under this part of Heredia's issue. Likewise, article 38.22 is not invoked for two other statements referencing that Trooper Gilmore "found all that shit," referencing the cocaine, and that Gilmore and the other troopers who helped search the vehicle were "white trash." While Heredia made these statements, neither were the product of custodial interrogation. Heredia was in the front seat of the patrol unit when he made those statements; but the officer was not in the vehicle at the time and had not asked Heredia any questions which would have provoked those statements. Accordingly, the trial court did not err in admitting those additional statements under this theory of exclusion.

The remaining statements at issue referenced the sale of cocaine, the price of cocaine, the purchase of the cocaine by the driver and its reason, and the use of cocaine, in general, and specifically of the use the day before of the purchased cocaine. These statements were the product of questioning by Gilmore while Heredia was in custody. The State argues, however, that Heredia waived his right to remain silent under article 38.22.

The State bears the burden of establishing a knowing, intelligent, and voluntary waiver of one's rights under *Miranda* and Article 38.22. *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966); *Leza v. State*, 351 S.W.3d 344, 349, 351 (Tex. Crim. App. 2011); *Joseph v. State*, 309 S.W.3d 20, 24 (Tex. Crim. App. 2010). Waiver must be proven by a preponderance of the evidence. *Leza*, 351 S.W.3d at 349, 351; *Joseph*, 309 S.W.3d at 24. In determining whether there was a valid waiver of Heredia's rights, we must look to the totality of the circumstances, "including the background, experience, and conduct of the accused." *North Carolina v. Butler*, 441 U.S. 369, 374-75, 99 S. Ct. 1755, 60 L. Ed. 2d 286 (1979); *see Leza*, 351 S.W.3d at 349, 352-53; *Joseph*, 309 S.W.3d at 25.

A waiver can be expressly made or implied by the accused's conduct. *Berghuis v. Thompkins*, 560 U.S. 370, 383, 130 S. Ct. 2250, 176 L. Ed. 2d 1098 (2010); *Joseph*, 309 S.W.3d at 24. An implied waiver of one's rights is established upon a showing that the accused: (1) was given the proper warnings; (2) understood the warnings and their consequences; and (3) made an uncoerced statement. *Berghuis*, 560 U.S. at 381-384; *see Moran v. Burbine*, 475 U.S. 412, 422-23, 106 S. Ct. 1135, 89 L. Ed. 2d 410 (1986); *Leza*, 351 S.W.3d at 349. "As a general proposition, the law can presume that an individual who, with a full understanding of his or her rights, acts in a manner inconsistent with their exercise has made a deliberate choice to relinquish the protection those rights afford." *Berghuis*, 560 U.S. at 385.

While it is true that a waiver cannot be presumed from an accused's silence or the fact that a confession was made after warnings were provided, "the general rule is that neither a written nor an oral express waiver is required." *Watson v. State*, 762 S.W.2d 591, 601 (Tex. Crim. App. 1988) (en banc). Simply making a statement is often the kind of conduct viewed as indicative of one's intention to waive her rights. *See Berghuis*, 560 U.S. at 384; *Leza*, 351 S.W.3d at 348; *Joseph*, 309 S.W.3d at 25 n.7. This relatively low threshold for establishing waiver is because "[t]he main purpose of *Miranda* is to ensure that an accused is advised of and understands the right to remain silent and the right to counsel." *Berghuis*, 560 U.S. at 383.

Trooper Gilmore testified at the motion to suppress hearing that he read Heredia his rights and asked Heredia if he understood those rights. Although the reply in the in-car video was sufficiently inaudible for the court reporter to transcribe when the video was played during trial, Gilmore testified that Heredia said, "yeah." Gilmore also stated that Heredia had been arrested before, had been through the system before, had no problem communicating with Gilmore or understanding Gilmore's questions, and spoke fluent English. Based on the totality of the circumstances, Gilmore believed that Heredia understood and waived his statutory and constitutional rights to remain silent. The video was introduced into evidence at the hearing. On cross-examination, Gilmore's credibility was not attacked.

In argument during the suppression hearing, Heredia's counsel contended that Heredia replied, "no," when asked if he understood his rights. But the trial court watched and listened to the video many times before deciding that the complained of statements were admissible. Further, the trial court specifically found that after being advised of his rights, Heredia answered, "yeah," and concluded that Heredia's statements were voluntary and that Heredia knowingly, intelligently, and voluntarily waived his rights set out in article 38.22. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2005). Based on the record, the trial court was within its discretion to have determined that Heredia understood his rights. Further, based on our review of the record in the light most favorable to the trial court's conclusions, Heredia, at the very least, impliedly voluntarily waived those rights. Accordingly, the trial court did not err in denying Heredia's motion to suppress on this first theory of exclusion.

*Extraneous Offenses*

Heredia next complains under his first issue that the same statements were extraneous offenses and were inadmissible pursuant to Texas Rules of Evidence 401, 404(b), and 403. Initially we note that Heredia did not advise the trial court that the statements were inadmissible pursuant to Rule 404(b). Accordingly, that part of Heredia's issue does not comport with the arguments made at trial and are not preserved for our review. *See* TEX. R. APP. P. 33.1; *Lovill v. State*, 319 S.W.3d 687, 691-692 (Tex. Crim. App. 2009). Further, Heredia fails to brief why the statement that Gilmore

"found all that shit" or the statements that the driver of the vehicle paid for the cocaine were inadmissible under this part of his issue. Accordingly, any complaint regarding these two statements is improperly briefed and presents nothing for review. *See* TEX. R. APP. P. 38.1(i); *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000).

We will review, however, the remaining statements 1) that Heredia had a warrant for his arrest; 2) that he called the troopers "white trash;" 3) that he used the cocaine the day before; and 4) that discussed the general price and sales of cocaine to determine whether they were relevant and if so, whether the probative value of those statements was substantially outweighed by the danger of unfair prejudice, because those same arguments were made to the trial court.

*Relevancy*

In his brief, Heredia does not explain how these remaining statements were irrelevant or how they did not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than would be without the evidence." TEX. R. EVID. 401. He simply concludes that the statements were irrelevant.

Heredia was charged with possession of a controlled substance, cocaine, which was found in a vehicle with two other occupants. The cocaine was not on his person; rather, it was found in a coin purse located on the floor in between the center console and the front seat. The back seat passenger, who was sitting behind Heredia, was the

closest person to the pouch. Whether Heredia, the front seat passenger, was in care, custody, or control of the cocaine found in the vehicle was a fact of consequence in the trial. *See Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006) ("the State must prove that (1) the accused exercised control, management, or care over the substance...."). Further, Heredia's theory of defense was that he did not know the cocaine was in the vehicle. Thus, the statements at issue were relevant because they could lead to an inference that Heredia knew the cocaine was in the vehicle and had care, custody, or control of it.

### *Unfair Prejudice*

Again, in his brief, Heredia simply concludes that the remaining statements at issue were prejudicial. Evidence may be excluded under Rule 403 if the danger of unfair prejudice substantially outweighs the probative value of the evidence. TEX. R. EVID. 403; *Greer v. State*, 436 S.W.3d 1, 9 (Tex. App.—Waco 2014, no pet.). Rule 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Allen v. State*, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003); *Jones v. State*, 944 S.W.2d 642, 652-53 (Tex. Crim. App. 1996). The trial court has broad discretion in conducting a Rule 403 balancing test, and we will not lightly disturb its decision. *Allen*, 108 S.W.3d at 284; *Greer*, 436 S.W.3d at 9.

All testimony and physical evidence will likely be prejudicial to one party or the other. *Jones*, 944 S.W.2d at 653. It is only when there exists a clear disparity between the

degree of prejudice of the offered evidence and its probative value that Rule 403 is applicable. *Id.* The fact that Heredia knew about sales and pricing of cocaine, had a warrant out for his arrest, used some of the cocaine the day before the remainder was seized, and called the troopers "white trash," were all pieces of the puzzle used by the State to show that Heredia was in possession of the cocaine. While the statements may have been prejudicial to Heredia, the statements were not so prejudicial that there was a clear disparity between the degree of prejudice and the statements' probative value.

Accordingly, the trial court did not err in denying Heredia's motion to suppress these remaining statements under this theory of exclusion.

Heredia's first issue is overruled.

## DIRECTED VERDICT

In his second issue, Heredia contends the trial court erred in denying Heredia's motion for directed verdict because the evidence was insufficient to prove Heredia was in possession of the controlled substance.

We review a challenge to the denial of a motion for directed verdict as a challenge to the sufficiency of the evidence. *See Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003); *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light

most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

To prove unlawful possession of any controlled substance, "the State must prove that (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West 2010) ("'Possession' means actual care, custody, control, or management."). Possession is not required to be exclusive. *Roberts v. State*, No. 10-14-00048-CR, 2015 Tex. App. LEXIS 78, 3-4 (Tex. App.—Waco Jan. 8, 2015, no pet. h.) (not designated for publication). When the defendant is not in exclusive possession of the place where the controlled substance is found, then additional, independent facts and circumstances must link the defendant to the substance in such a way that it can reasonably be concluded that the defendant possessed the substance and had knowledge of it. *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). In other words, the evidence "must establish, to the requisite level of confidence, that the defendant's connection with the [contraband] was more than just fortuitous," which may be established by direct or circumstantial evidence. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

Heredia was not in exclusive possession of the place where the cocaine was found. He was the front seat passenger of an SUV that was pulled over for traffic violations by Trooper Gilmore. When stopped, the driver and back seat passenger appeared fidgety. Heredia had an outstanding warrant for his arrest and was placed

under arrest and placed in the trooper's patrol unit. The driver of the SUV, who was also the owner, gave Gilmore permission to search the vehicle. The coin purse was found pursuant to the search. In the purse was the cocaine.

Heredia contends that the evidence was insufficient to show he was in possession of the cocaine because the driver testified at Heredia's trial that he bought the cocaine and that Heredia did not know about it. Further, both the driver and the female passenger pled guilty to possessing the cocaine.

The evidence also showed, however, that when the cocaine was found, Heredia, in the patrol car by himself, commented that the trooper "found all that shit." He also made a comment to himself about the troopers searching the vehicle, calling them "white trash." After being warned of his statutory and *Miranda* rights, Heredia told Gilmore that the driver purchased the cocaine the day before for Heredia's girlfriend, the backseat passenger. Heredia admitted to using some of the cocaine the day it was purchased. He was also very familiar about the going price of cocaine and how it made him feel when he used it.

Viewing the record in the light most favorable to the judgment, we find that the evidence was sufficient for the jury to have found Heredia guilty of possessing the cocaine.

Heredia's second issue is overruled.

CONCLUSION

Having overruled each of Heredia's issues on appeal, we affirm the trial court's

judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
          Justice Davis, and
          Justice Scoggins
Affirmed
Opinion delivered and filed March 5, 2015
Do not publish
[CRPM]

