

IN THE
TENTH COURT OF APPEALS

No. 10-13-00049-CR

DAVID DUANE GREER,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 12-03324-CRF-272

O P I N I O N

David Greer appeals his conviction for unlawful possession of a firearm by a felon. TEX. PEN. CODE ANN. § 46.04 (West 2011). Greer complains that the evidence was insufficient, that the trial court erred by denying his motion to suppress because of an invalid traffic stop and an improper inventory search, that Greer received ineffective assistance of counsel by failing to seek a timely hearing on the motion to suppress evidence, and the trial court abused its discretion in the admission of evidence. Because we find no reversible error, we affirm the judgment of the trial court.

*Sufficiency of the Evidence*

In his first issue, Greer complains that the evidence was insufficient for the jury to have found beyond a reasonable doubt that he intentionally or knowingly possessed a firearm that was discovered in the pocket of a jacket in the vehicle he was driving when he was stopped and arrested by law enforcement. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. at 326. Further, direct and circumstantial evidence are treated equally: "Circumstantial

evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

*Unlawful Possession of a Firearm*

The State was required to prove beyond a reasonable doubt that Greer, a felon, was in unlawful possession of a firearm. *See* TEX. PEN. CODE ANN. § 46.04(a) (West 2011). Greer does not dispute that he is a felon, but argues that there was insufficient evidence to link him to the firearm. We analyze the sufficiency of the evidence under the same rules adopted for determining the sufficiency of the evidence in drug possession cases. *Bates v. State*, 155 S.W.3d 212, 216 (Tex. App.—Dallas 2004, no pet.). The State must prove Greer (1) exercised care, custody, control, or management over the firearm; (2) was conscious of his connection with it; and (3) possessed the firearm knowingly or intentionally. *See* TEX. PEN. CODE ANN. § 1.07(a)(39) (West 2011); *see Bates*, 155 S.W.3d at 216. The State does not have to prove that Greer had exclusive possession of the firearm; joint possession is sufficient to sustain a conviction. *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986); *Bollinger v. State*, 224 S.W.3d 768, 774 (Tex. App.— Eastland 2007, pet. ref'd). Further, the State can meet its burden with direct or circumstantial evidence, but it must establish that Greer's connection with the firearm

was more than fortuitous. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); *Bollinger*, 224 S.W.3d at 774.

Because the firearm was not found on Greer's person or in his exclusive possession, additional facts must affirmatively link Greer to the firearm. *Bollinger*, 224 S.W.3d at 774; *Jones v. State*, 963 S.W.2d 826, 830 (Tex. App.—Texarkana 1998, pet. ref'd). Factors that may establish affirmative links include the following: whether the firearm was in a car driven by the accused, whether the firearm was in a place owned by the accused, whether the firearm was conveniently accessible to the accused, whether the firearm was found in an enclosed space, and whether the accused made any affirmative statement connecting him to the firearm. *Bollinger*, 224 S.W.3d at 774; *Corpus v. State*, 30 S.W.3d 35, 38 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). No set formula of facts exists to dictate a finding of affirmative links sufficient to support an inference of knowing possession. *Bollinger*, 224 S.W.3d at 774; *Taylor v. State*, 106 S.W.3d 827, 830 (Tex. App.—Dallas 2003, no pet.).

Arrest warrants had been issued for Greer and Campbell, who were in a dating relationship with each other. Multiple law enforcement officers had set out to locate Greer and Campbell in order to execute the warrants. When law enforcement located Greer's truck, a traffic stop was initiated. The truck driven by Greer was owned by his father. After about a block of being pursued, Greer was forced to stop when a law

enforcement vehicle pulled in front of him. Greer and Campbell got out of the vehicle and were arrested for the warrants.

After the arrest of Greer and Campbell, the truck was impounded and an inventory search of the vehicle was made. The truck was an extended cab with a small area behind the front seats. A large black leather jacket was found in the area behind the front seats on top of other assorted clothing. A duffle bag filled with Campbell's clothing was also found in the same area. When the black leather jacket was lifted, the officer conducting the inventory noticed that one pocket was substantially heavier than the other. A loaded small .22 revolver was found in the pocket of the jacket.

When questioned about the jacket at the scene, Greer denied ownership of it. It was noted by law enforcement that when Greer got out of the truck, he was wearing only a tank top and camouflage pants. Campbell was wearing a jacket. The weather was cool. Campbell identified the black leather jacket as belonging to Greer and denied knowledge and ownership of the gun. Campbell asked the officer if Greer was "going to get in trouble for a long time." Campbell stated that she knew that Greer was a convicted felon and that it would be bad if he were caught with a gun. Campbell also told the officer who transported her to jail that she had no idea that there was a gun in the car. At trial, Campbell identified the jacket as belonging to Greer, having been a gift from his mother.

At trial, Campbell, a convicted felon, claimed that the gun was hers and that she had wrapped it in clothes and stuffed it into the duffle bag. However, the gun had not been found wrapped in clothes nor was it found in the duffle bag. Campbell also erroneously claimed that the black jacket was in the duffle bag and that Greer was wearing a camouflage jacket when they were arrested.

Inside the duffle bag, officers found a .22 long rifle bullet in the pocket of a pair of jeans belonging to Campbell. However, it was determined that the bullet would not fire in the .22 revolver found in the jacket pocket because it was too long. The bullet was returned to Campbell without testing or further investigation because officers felt that the bullet was not related to the .22 revolver and was not evidence of another crime.

Using the appropriate standards and giving due deference to the jury as the factfinder, we find that the evidence was sufficient for the jury to have found that Greer was in possession of the firearm. The gun was found in a jacket that belonged to Greer and Campbell's statements at the scene indicated that the firearm belonged to Greer. Additionally, the inconsistencies in Campbell's testimony at trial regarding how the firearm was stored and located could have led a reasonable juror to find that Campbell did not possess the firearm and that there were adequate links connecting Greer to the firearm. We overrule issue one.

*Motion to Suppress—Unlawful Traffic Stop*

In his second issue, Greer complains that the trial court abused its discretion by denying his motion to suppress because the initial traffic stop of Greer was improper. Greer complains that law enforcement stopped the vehicle Greer was driving based solely on a tip by a confidential informant that was not corroborated by law enforcement prior to the stop. However, the traffic stop of Greer was initiated because law enforcement was seeking to execute arrest warrants for Greer and Campbell, and law enforcement visually determined that Greer was the driver of the vehicle prior to initiating the stop.

Greer's complaint is based on the concept that the traffic stop was warrantless, but it was not warrantless. The State offered the arrest warrants into evidence at the beginning of the motion to suppress which was conducted during the trial. In a suppression hearing, the defendant bears the initial burden of rebutting the presumption that the police encounter was proper. *Russel v. State*, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986). This is done by showing that the search or seizure occurred without a warrant. *Id*. After the defendant makes this showing, the burden then would to the State to either produce a warrant or prove that the warrantless search or seizure was reasonable. *Id*. at 9-10. Greer did not meet his initial burden by showing that his detention occurred without a warrant.

An outstanding arrest warrant may be executed by law enforcement officers at whatever time and place they choose. *Swanson v. State*, 722 S.W.2d 158, 162 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd); *Shannon v. State*, 681 S.W.2d 142, 145 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd). Greer does not challenge the validity of the warrant. Therefore, the trial court did not abuse its discretion by denying his motion to suppress because of an improper traffic stop. We overrule issue two.

*Motion to Suppress—Improper Vehicle Search*

In his third issue, Greer complains that the trial court erred by admitting evidence of the gun found in the vehicle driven by Greer because the search which led to the discovery of the gun was unreasonable. Greer argues that law enforcement should have called his father, who was the registered owner of the vehicle, to come and pick it up rather than impounding the vehicle. The State argues that impoundment was proper because the only occupants of the vehicle, Greer and Campbell, were both arrested and there was no one at the scene to take possession of the vehicle. Greer also argues that law enforcement's search of the vehicle was not a proper inventory search because it was not performed according to the department's policy for inventory searches.

A peace officer's inventory of the contents of an automobile is permissible under both the Texas Constitution and the United States Constitution if conducted pursuant to a lawful impoundment. *South Dakota v. Opperman*, 428 U.S. 364, 375-76, 96 S. Ct. 3092,

3100, 49 L. Ed. 2d 1000 (1976); *Benavides v. State*, 600 S.W.2d 809, 810 (Tex. Crim. App. 1980); *Lagaite v. State*, 995 S.W.2d 860, 865 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). Inventories serve to protect (1) the owner's property while it is in custody, (2) the police against claims or disputes over lost or stolen property, and (3) the police from potential danger. *Opperman*, 428 U.S. at 369, 96 S. Ct. at 3097. Inventories must be conducted in good faith pursuant to reasonable standardized police procedures. *Colorado v. Bertine*, 479 U.S. 367, 374, 107 S. Ct. 738, 742, 93 L. Ed. 2d 739 (1987).

Reasonable cause for impoundment of an automobile may exist when the driver is removed from his automobile, placed under custodial arrest, and his property cannot be protected by any means other than impoundment. *Lagaite*, 995 S.W.2d at 865. We note that peace officers need not independently investigate possible alternatives to impoundment absent some objectively demonstrable evidence that alternatives did, in fact, exist. *Mayberry v. State*, 830 S.W.2d 176, 180 (Tex. App.—Dallas 1992, pet. ref'd).

In this case, both occupants of the vehicle were arrested and there is nothing in the record to indicate that any reasonable alternatives to impoundment existed. The truck driven by Greer was stopped on the roadside and Greer was being arrested for a felony offense. The impoundment of Greer's truck was not unreasonable. Because the impoundment of the truck was not unreasonable, it was not unreasonable for law enforcement to conduct an inventory search of the vehicle.

However, Greer further argues that the inventory search was not conducted according to the written policy for inventory searches, and therefore, the search was merely a pretext to search for incriminating evidence of other crimes. The Brazos County Sheriff's office inventory policy was admitted into evidence which requires that "[a]ll items of value shall be recorded on the Vehicle Inventory Report." The policy also requires an officer to seize any property discovered during the inventory search that is contraband or evidence of another criminal offense and process it accordingly.

Greer argues that because the officer who conducted the inventory did not list the gun, did not adequately specify the items of clothing that were located inside the truck, or list the .22 long rifle bullet that was found, the inventory was not conducted according to the written policy. The inventory did list various items specifically that were found in the bed of the truck as well as inside the passenger compartment. The inventory merely listed assorted clothing, but did not list specific items of clothing individually. The bullet and gun were not included on the inventory list at all.

The Texas Court of Criminal Appeals has long held that, to be constitutional, an inventory search must not deviate from police department policy and that the State may satisfy its burden by showing (1) an inventory policy existed and (2) the policy was followed. *Moberg v. State*, 810 S.W.2d 190, 195 (Tex. Crim. App. 1991); *Evers v. State*, 576 S.W.2d 46, 50 n.5 (Tex. Crim. App. 1978). The State established that an inventory policy existed and there was testimony that the policy was followed. The inventory form was

admitted into evidence that showed the listing of items in Greer's truck. We do not believe that the omission of the gun or the bullet from the inventory listing is sufficient to establish that the trial court abused its discretion in determining that the inventory policy was followed.

The value of the single bullet was inconsequential and, alone not evidence of a crime or contraband. While the gun should have been listed in the inventory, there is no evidence that it was not, in fact, found in the pocket of the jacket found in the truck. We find that the testimony of the officers that they followed the written policy is sufficient for the trial court to have found that the inventory search was properly conducted. We overrule issue three.

*Ineffective Assistance of Counsel*

Greer complains in his fourth issue that, in the event that this Court determines that the suppression issues were not properly preserved, he received ineffective assistance of counsel because those issues were not properly preserved. We have not found that the suppression issues were not properly preserved; therefore, issue four is overruled.

*Improper Admission of Evidence*

Greer complains in his fifth issue that the trial court abused its discretion by allowing the admission of a statement he allegedly made while in jail awaiting trial on this offense. According to a jailer who testified, Greer made a statement to the effect

that he was in jail for not following the rules when he was told by the jailer that he needed to follow the rules in jail. Greer objected to this statement on the basis of relevance and rule 403 of the rules of evidence.

In his argument, Greer does not explain how the statement is not relevant or how it did not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. The statement that he was in jail because he did not follow the rules could reasonably lead to an inference that he knew and chose not to follow the "rule" that he was not allowed to be in possession of a firearm because he was a felon. We find that the statement was relevant to whether or not he was the individual who was in possession of the firearm.

Greer further argues that the statement should have been excluded because its prejudicial effect substantially outweighs any probative value the statement may have had. *See* TEX. R. EVID. 403. Evidence may be excluded under rule 403 if the danger of unfair prejudice substantially outweighs the probative value of the evidence. TEX. R. EVID. 403. Rule 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Allen v. State*, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003); *Jones v. State*, 944 S.W.2d 642, 652-53 (Tex. Crim. App. 1996). The trial court has broad discretion in conducting a rule 403 balancing test, and we will not lightly disturb its decision. *Allen*, 108 S.W.3d at 284.

A proper rule 403 analysis by either the trial court or a reviewing court includes balancing the following factors: (1) the inherent probative force of the proffered item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation—along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-642 (Tex. Crim. App. 2006); *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004).

The State's need for the evidence was to assist in establishing that Greer was the individual that possessed the firearm, and that he intentionally or knowingly did so. We do not believe that the statement would improperly influence the jury in any way. The testimony surrounding the statement was very narrowly limited, constituted a very brief section of the record, and was not repetitive. Using the above standards, we do not find that the admission of the statement constituted an abuse of discretion by the trial court. We overrule issue five.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed March 20, 2014
Publish
[CRPM]