

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00098-CR

**THE STATE OF TEXAS,**

**Appellant**

 **v.**

**DANIEL RYAN NORTON,**

**Appellee**

**From the 52nd District Court
Coryell County, Texas
Trial Court No. FDP-13-21911**

## MEMORANDUM OPINION

Daniel Ryan Norton was charged with possession of a controlled substance, methamphetamine, in an amount of four grams or more, but less than 200 grams, a felony offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010). Norton was initially arrested for the traffic violation of failing to signal continuously for 100 feet while making a turn, a class C misdemeanor. The suburban Norton was driving was impounded even though his wife asked it to be released to her. During an inventory of the suburban, officers found 120.7 grams of methamphetamine in an area under the cup

holder in the center console of the vehicle. Norton filed a motion to suppress, alleging two grounds: 1) no probable cause to arrest; and 2) the inventory was the product of an unauthorized impoundment of his vehicle. The trial court granted Norton's motion to suppress based on Norton's second ground and suppressed the seized contraband. Because the trial court did not abuse its discretion in granting Norton's motion to suppress, the trial court's order granting Norton's motion to suppress is affirmed.

In its sole issue, the State argues the trial court erred in granting Norton's motion to suppress because the impoundment of Norton's vehicle was proper.

We evaluate a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). When a trial court makes explicit fact findings, as it did in this case, we determine whether the evidence (viewed in the light most favorable to the trial court's ruling) supports these fact findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). The appellate court then reviews the trial court's legal ruling de novo unless the trial court's supported-by-the-record explicit fact findings are also dispositive of the legal ruling. *Id.* We give the prevailing party "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011).

Under the federal and state constitutions, an inventory search is permissible if it is conducted pursuant to a lawful impoundment. *South Dakota v. Opperman*, 428 U.S.

364, 375-76, 96 S. Ct. 3092, 49 L. Ed. 2d 1000 (1976); *Benavides v. State*, 600 S.W.2d 809, 810 (Tex. Crim. App. [Panel Op.] 1980); *Greer v. State*, ___ S.W.3d ____, 2014 Tex. App. LEXIS 3192, *10 (Tex. App.—Waco Mar. 20, 2014, no pet.) (publish). The State bears the burden of proving that an impoundment is lawful and may satisfy its burden by showing that (1) the driver was arrested, (2) no alternatives other than impoundment were available to ensure the vehicle's protection, (3) the impounding agency had an inventory policy, and (4) the policy was followed. *Garza v. State*, 137 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *Redmond v. State*, No. 05-09-01461-CR, 2011 Tex. App. LEXIS 2258, *4 (Tex. App.—Dallas Mar. 30, 2011, pet. ref'd) (not designated for publication). Peace officers need not independently investigate possible alternatives to impoundment absent objectively demonstrable evidence that alternatives do, in fact, exist. *See Mayberry v. State*, 830 S.W.2d 176, 180 (Tex. App.—Dallas 1992, pet. ref'd); *see also Greer v. State*, 2014 Tex. App. LEXIS 3192 at *11.

Officer Douglas Hunter of the Copperas Cove Police Department testified at the motion to suppress that he ran a check on the tags of the Suburban at the scene and discovered it was registered to Melissa Brown. Brown was Norton's wife. Hunter further testified that, although Brown arrived at the time Hunter was placing handcuffs on Norton and asked for the vehicle to be released to her, Hunter would not release it to Brown because Norton was already under arrest and Hunter had already made the

decision to impound the vehicle. He further stated that the Copperas Cove Police Department inventory policy did not require him to release the vehicle.

Although police department policy did not require Hunter to release the vehicle, there was objectively demonstrable evidence before the trial court that an alternative to impoundment was available. Thus, the State did not prove the impoundment was lawful and the trial court did not abuse its discretion in granting Norton's motion to suppress.

The State's sole issue is overruled, and the trial court's order granting Norton's motion to suppress is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed September 4, 2014
Do not publish
[CR25]

