ACCEPTED
02-14-00493-cr
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
7/2/2015 12:59:52 PM
DEBRA SPISAK
CLERK

FILED
COURT OF APPEALS
SECOND DISTRICT OF TEXAS

July 7, 2015

DEBRA SPISAK, CLERK

**Cause No. 02-14-00493-CR**

**IN**
**THE COURT OF APPEALS**
**FOR THE SECOND DISTRICT OF TEXAS**
**AT FORT WORTH**

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
7/2/2015 12:59:52 PM
VOID SC
DEBRA SPISAK
Clerk

**BRENCE J. WALKER**
**Appellant**

RECEIVED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS

7/2/2015 12:59:52 PM

DEBRA SPISAK
Clerk

**v.**

**THE STATE OF TEXAS,**
**Appellee**

**On Appeal from Cause No. 1335687D in the 396th District Court of**
**Tarrant County, Texas, Honorable Elizabeth Berry, Judge Presiding**

**Appellant's Brief on Appeal**

**Stickels & Associates, P.C.**
**John W. Stickels**
**State Bar No. 19225300**
**Bethel T. Zehaie**
**SBOT No. 24073791**
**P. O. Box 121431**
**Arlington, Texas 76012**
**Phone: (817) 479 - 9282**
**Fax: (817) 622 – 8071**
**john@stickelslaw.com**
**Attorneys for Appellant**
**Brence J. Walker**

**ORAL ARGUMENT REQUESTED**

## THE PARTIES

Pursuant to Rule 38(a) of the Texas Rules of Appellate Procedure, the following is a complete list of the names and addresses of all parties to the trial court's final judgment and counsel in the trial court, as well as appellate counsel, so the members of the court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case and so the Clerk of the Court may properly notify the parties to the trial court's final judgment or their counsel, if any, of the judgment and all orders of the Court of Appeals.

Trial Judge:    The Honorable Elizabeth Berry
396th District Court – Visiting Judge
Tarrant County, Texas
401 Belknap
Fort Worth, Texas 761966

Appellant:    Mr. Brence J. Walker
TDC No. 01920746
J. Middleton Transfer Facility
13055 FM 3522
Abilene, TX 79601

Appellant's Trial
and Appellate Counsel:          Mr. John W. Stickels
                                SBOT No. 19225300
                                and
                                Bethel T. Zehaie
                                SBOT No. 24073791
                                P. O. Box 121431
                                770 N. Fielder Rd.
                                Fort Worth, Texas 76104-7666

Appellee:                       The State of Texas

Appellee's Trial Counsel:       Mr. Jacob O. Mitchell
                                SBOT NO. 24060298
                                        and
                                Mr. William A. Vassar
                                SBOT NO. 24039224
                                Assistant District Attorneys
                                401 W. Belknap Street
                                Fort Worth, Texas 76196

Appellee's Counsel
on Appeal:                      Tarrant County Criminal District Attorney
                                Appeals Division
                                401 Belknap
                                Fort Worth, Texas 76196

# TABLE OF CONTENTS

THE PARTIES ................................................................................................. i

TABLE OF CONTENTS ................................................................................. iii

TABLE OF AUTHORITIES ........................................................................... vi

PROCEDURAL HISTORY OF THE CASE ......................................................1

POINTS OF ERROR .......................................................................................3

POINT OF ERROR 1 ......................................................................................3

THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S
MOTION TO SUPPRESS EVIDENCE SEIZED FROM HIS PERSON IN
VIOLATION OF ARTICLE I, SECTIONS 9, 10, AND 19 OF THE TEXAS
CONSTITUTION. ..........................................................................................3

POINT OF ERROR 2 ......................................................................................3

THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S
MOTION TO SUPPRESS EVIDENCE SEIZED FROM HIS PERSON IN
VIOLATION OF ARTICLE 38.23 OF THE TEXAS CODE OF CRIMINAL
PROCEDURE ................................................................................................3

POINT OF ERROR 3 ......................................................................................3

THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S
MOTION TO SUPPRESS EVIDENCE SEIZED FROM HIS PERSON IN
VIOLATION OF ARTICLE 18.22 OF THE TEXAS CODE OF CRIMINAL
PROCEDURE ................................................................................................3

POINT OF ERROR 4 ..............................................................................3

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM THE PERSON IN VIOLATION OF HIS RIGHTS GUARANTEED UNDER THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.................................................3

SUMMARY OF THE ARGUMENTS ...................................................................4

Appellant was wrongfully convicted of the felony offense of possession of a firearm by a felon because the Court erred in overruling his Motion to Suppress the Search of the Motor Vehicle. This error allowed the jury to consider evidence, the firearm, which was obtained in violation of the 5th and 14th Amendments to the United States Constitution and Article 1, Sections 9, 10, and 19 of the Texas Constitution. The jury would not have convicted Appellant of this offense absent the Court's error. .........4

STATEMENT OF THE FACTS ..............................................................................4

ARGUMENT AND AUTHORITIES.......................................................................6

JURISDICTION....................................................................................................6

ARGUMENT AND AUTHORITIES POINTS OF ERROR ...................................7

POINT OF ERROR 1 - RESTATED .......................................................................7

THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM HIS PERSON IN VIOLATION OF ARTICLE I, SECTIONS 9, 10, AND 19 OF THE TEXAS CONSTITUTION. ...................................................................................................7

POINT OF ERROR 2 - RESTATED .......................................................................7

THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM HIS PERSON IN VIOLATION OF ARTICLE 38.23 OF THE TEXAS CODE OF CRIMINAL PROCEDURE...................................................................................................7

POINT OF ERROR 3 - RESTATED ...................................................................7

THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM HIS PERSON IN VIOLATION OF ARTICLE 18.22 OF THE TEXAS CODE OF CRIMINAL PROCEDURE ...................................................................................................7

POINT OF ERROR 4 - RESTATED ...................................................................7

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM THE PERSON IN VIOLATION OF HIS RIGHTS GUARANTEED UNDER THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.............................................7

A. MOTION TO SUPPRESS – STANDARD OF REVIEW: ..................................7

B.  MOTION TO SUPPRESS – THE APPLICABLE LAW: ..................................8

C.  ERROR IN ADMITTING EVIDENCE – HARM ANALYSIS: ......................12

PRAYER ...........................................................................................................13

CERTIFICATE OF SERVICE ..........................................................................13

CERTIFICATE OF COMPLIANCE ..................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Amador v. State*, 221 S.W.3d 666 (Tex. Crim. App. 2007)......................................8

*Benavides v. State*, 600 S.W.2d 809 (Tex. Crim. App. 1980) ..................................9

*Carmouche v. State*, 10 S.W.3d 323 (Tex. Crim. App. 2000);.................................7

*Colorado v. Bertine*, 479 U.S. 367, 107 S.Ct. 738, 741, 93 L.Ed.2d 739 (1987)..8, 9

*Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 3097, 49 L.Ed.2d 1000 (1976)
..................................................................................................................................8, 9

*Estrada v. State*, 154 S.W.3d 604 (Tex. Crim. App. 2005)......................................8

*Florida v. Wells*, 495 U.S. 1, 110 S.Ct. 1632, 1635, 109 L.Ed.2d 1 (1990).............9

*Ford v. State*, 158 S.W.3d 488 (Tex. Crim. App. 2005)...........................................8

*Garza v. State*, 137 S.W.3d 878 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd)..9,
11

*Greer v. State*, 436 S.W.3d 1 (Tex. App.–Waco 2014, no pet.) ..............................10

*Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997). ......................................7

*Moskey v. State*, 333 S.W.3d 696 (Tex. App.–Houston [1st Dist.] 2010, no pet.)....9

*Rodriquez v. State*, 641 S.W.2d 955 (Tex. App.–Amarillo 1982, no writ) ..............9

*Torres v. State*, 182 S.W.3d 899 (Tex. Crim. App. 2005)........................................8

**Statutes**

Tex. Code Crim Proc. Art. 38.23(2001) ........................................................ 3, 7, 12

Tex. Code Crim. Proc. Art. 18.01(2007). ....................................................8

Tex. Code Crim. Proc. Art. 18.04(2007). ....................................................8

Tex. Code. Crim. Proc. Art. 18.22(2001). ...................................................... 3, 7, 12

**Rules**

Rule 38(a)............................................................................................... i

Tex. R. App. P. 25.2(a)(2). ...................................................................6

Tex. R. App. P. 9(4)(i)(1)....................................................................14

**Constitutional Provisions**

Tex. Const. Art. I, §§ 9 ....................................................................... 4, 8, 12

Tex. Const. Art. I, §19 ....................................................................... 4, 8, 12

Tex. Xonst. Art. I, §10 ....................................................................... 4, 8, 12

U.S. Const. Amend. IV ....................................................................... 4, 8, 12

U.S. Const. Amend. XIV ....................................................................... 4, 8, 12

## NO. 02-14-00493-CR

| | | |
|---|---|---|
| **BRENCE J. WALKER ,** | § | **IN THE COURT OF APPEALS** |
| **Appellant** | § | |
| | § | |
| **VS.** | § | **SECOND DISTRICT** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | **FORT WORTH, TEXAS** |

## APPELLANT'S BRIEF ON APPEAL

TO THE HONORABLE COURT OF APPEALS:

Now comes Appellant, Brence J. Walker, with his Brief on Appeal from the judgment of the 396th District Court of Tarrant County, Texas, in Cause No. 1335687D and shows as follows:

## PROCEDURAL HISTORY OF THE CASE

| | |
|---|---|
| Nature of the case: | Criminal charges alleging the felony offense of possession of a firearm by a felon. The indictment also contained a habitual offender notification. (CR. 5). |
| Deadly weapon allegation: | Yes – a firearm. (CR. 5). |
| Course of the Proceedings: | Tried before a jury and convicted for the offense of possession of a firearm by a felon. (CR. 33-38, 50; 3 RR 130). |

1

Disposition of the case: The judge sentenced Appellant to confinement for thirty-two (32) years in the Institutional Division of the Texas Department of Criminal Justice for the offense of possession of a firearm by a felon. (C.R. 64; 5 RR 61). Appellant has remained in custody pending appeal.

Habitual offender finding: True. (CR. 64; 6 RR 6).

# POINTS OF ERROR

## POINT OF ERROR 1

THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM HIS PERSON IN VIOLATION OF ARTICLE I, SECTIONS 9, 10, AND 19 OF THE TEXAS CONSTITUTION.

## POINT OF ERROR 2

THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM HIS PERSON IN VIOLATION OF ARTICLE 38.23 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

## POINT OF ERROR 3

THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM HIS PERSON IN VIOLATION OF ARTICLE 18.22 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

## POINT OF ERROR 4

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM THE PERSON IN VIOLATION OF HIS RIGHTS GUARANTEED UNDER THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.

## SUMMARY OF THE ARGUMENTS

Appellant was wrongfully convicted of the felony offense of possession of a firearm by a felon because the Court erred in overruling his Motion to Suppress the Search of the Motor Vehicle. This error allowed the jury to consider evidence, the firearm, which was obtained in violation of the 5th and 14th Amendments to the United States Constitution and Article 1, Sections 9, 10, and 19 of the Texas Constitution. The jury would not have convicted Appellant of this offense absent the Court's error.

## STATEMENT OF THE FACTS

The Court erred in overruling Appellant's Motion to Suppress the Search of the Motor Vehicle; thus, the jury wrongfully convicted Appellant of the felony offense of possession of a firearm by a felon. This error allowed the jury to consider evidence, the firearm, which was obtained in violation of the 5th and 14th Amendments to the U. S. Constitution and Article 1, Sections 8, 9, and 19 of the Texas Constitution. U. S. Const. Amend V and XIV; Tex. Const. Art. 1, §§9, 10. And 19.  The jury would not have convicted Appellant of this offense without the Court's error.

On July 25, 2013, Fort Worth Police Officer Evans arrested Appellant at a Chevron station in Fort Worth, Texas.  (4 RR 16).  Appellant drove a Chevrolet impala into the station and Officer Evans recognized Appellant because there were warrants issued for his arrest for traffic violations. (4 RR 16-17).  After Appellant exited the vehicle and entered the Chevron, Officer Evans followed Appellant into

4

the Chevron station and arrested him based on the outstanding warrants. (4 RR 17, 19-21). Officer Evans moved Appellant out of the station and placed him in the back seat of the patrol car. (4 RR 21). Officer Evans waited for additional officers to arrive at the Chevron station. (4 RR 21). After the other officers arrived at the scene, Officer Evans transported Appellant to the jail. (4 RR 21-22).

Subsequent to Appellant being transported, Officer Evans looked in the Chevrolet Impala and saw a pit bull and a black bag in the Impala. (4 RR 21-22). Officer Evans then made a decision to impound the Chevrolet impala. (4 RR 22, 28). As support for his decision to impound the Chevrolet impala, Officer Evans stated that "the location of the vehicle was in a high crime area. The reason I was there to begin with, being a GM product and Chevy Impala, they are stolen mostly in the City of Fort Worth." (4 RR 28, ln. 18-23) Later, Officer Evans testified that he impounded the Chevrolet Impala "For the protection of the vehicle, the property itself. And also there was an animal inside the vehicle that had to be removed and taken into custody." (4 RR 31. ln.11-16)

Officer Morehouse arrived at the Chevrolet station and conducted an inventory search of the Impala. (4 RR 42-44). During the search Officer Morehouse found a firearm inside the black bag in the vehicle. (4 RR 55-57). Subsequent to the inventory search, the owner of the Chevrolet Impala arrived at the Chevron

5

station prior to the impala being impounded and the Impala was released to her. (4 RR 27-28, 31, 65).

Appellant was arrested and charged with the offense of felon in possession of a firearm. His trial was held in the 396th District Court of Tarrant County, Texas before the Honorable Elizabeth Berry. The jury convicted Appellant and the Honorable Judge Berry sentenced Appellant to thirty-two (32) years confinement in the Institutional Division of the Texas Department of Criminal Justice and has remained in custody pending trial.

## ARGUMENT AND AUTHORITIES

## JURISDICTION

Pursuant to Appellate Rule 25.2(a)(2), the trial court has filed with the papers of this cause a Certificate of Defendant's Right to Appeal which states that this is not a plea-bargain case, and the defendant has the right to appeal since the revocation "is not a plea-bargain case, and the defendant has the right to appeal)." (C.R. 70). Thus, this Court has jurisdiction to hear Appellant's appeal. Tex. R. App. P. 25.2(a)(2).

# ARGUMENT AND AUTHORITIES POINTS OF ERROR

## POINT OF ERROR 1 - RESTATED

THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM HIS PERSON IN VIOLATION OF ARTICLE I, SECTIONS 9, 10, AND 19 OF THE TEXAS CONSTITUTION.

## POINT OF ERROR 2 - RESTATED

THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM HIS PERSON IN VIOLATION OF ARTICLE 38.23 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

## POINT OF ERROR 3 - RESTATED

THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM HIS PERSON IN VIOLATION OF ARTICLE 18.22 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

## POINT OF ERROR 4 - RESTATED

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM THE PERSON IN VIOLATION OF HIS RIGHTS GUARANTEED UNDER THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.

## A. MOTION TO SUPPRESS – STANDARD OF REVIEW:

A trial court's ruling on a motion to suppress is reviewed under a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); see also *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial court's denial of a motion to suppress is reviewed for an abuse of discretion, *Oles v. State*, 993 S.W.2d 103,

7

106 (Tex. Crim. App. 1999), but when the trial court's rulings do not turn on the credibility and demeanor of the witnesses, Appellate Courts apply a de novo standard of review. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

## B.  MOTION TO SUPPRESS – THE APPLICABLE LAW:

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. Const. Amend. IV; U.S. Const. Amend. XIV; *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). The Texas Constitution contains similar rights. Tex. Const. Art. I, §§ 9, 10, and 19. The defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct when alleging a violation of the U.S. or Texas constitution. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007). A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant. *Id*. Once the defendant has made this showing, the burden of proof shifts to the State, who is then required to establish that the search or seizure was conducted pursuant to a warrant or the search was reasonable. Tex. Code Crim. Proc. Arts. 18.01& 18.04 (2007); *Amador*, 221 S.W.3d at 673; *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

A police officer's inventory search of the contents of an automobile is permissible under the Fourth Amendment of the United States Constitution and Article 1, Section 9 of the Texas Constitution if conducted pursuant to a lawful impoundment. See *Colorado v. Bertine*, 479 U.S. 367, 371, 107 S.Ct. 738, 741, 93 L.Ed.2d 739 (1987); *S. Dakota v. Opperman*, 428 U.S. 364, 369, 96 S.Ct. 3092, 3097, 49 L.Ed.2d 1000 (1976); *Benavides v.*

8

*State*, 600 S.W.2d 809, 810 (Tex. Crim. App. 1980); *Moskey v. State*, 333 S.W.3d 696, 702 (Tex. App.–Houston [1st Dist.] 2010, no pet.).

Inventories serve to protect the following: (1) the owner's property while it is in custody, (2) the police against claims or disputes over lost or stolen property, and (3) the police from potential danger. *Opperman*, 428 U.S. at 369, 96 S.Ct. at 3097. Inventory searches should be designed to produce an inventory, not turned into a purposeful and general means of discovering evidence of a crime. *Florida v. Wells*, 495 U.S. 1, 4, 110 S.Ct. 1632, 1635, 109 L.Ed.2d 1 (1990). The officer may conduct an inventory search subsequent to a decision to impound a vehicle, unless there has been a showing that the officer acted in bad faith or for the sole purpose of investigation. *Bertine*, 479 U.S. at 372–73, 107 S.Ct. at 741–42.

The state bears the burden of proving that an impoundment is lawful and may satisfy its burden by showing that (1) the driver was arrested, (2) no alternatives other than impoundment were available to ensure the vehicle's protection, (3) the impounding agency had an inventory policy, and (4) the policy was followed. *Garza v. State*, 137 S.W.3d 878, 882 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd).

Two general categories of events will justify impoundment. See *Rodriquez v. State*, 641 S.W.2d 955, 958 (Tex. App.–Amarillo 1982, no writ). First, an officer may impound a vehicle when the vehicle is a danger to traffic. *Id*. Second, an officer may impound a vehicle after the arrest of the vehicle's driver when the vehicle cannot be protected by any means other than impoundment. *Id*.; *Greer v. State*, 436 S.W.3d 1, 7 (Tex. App.–Waco

9

2014, no pet.). An officer need not independently investigate possible alternatives to impoundment absent some objectively demonstrable evidence that alternatives did exist. *Greer*, 436 S.W.3d at 7.

The Fort Worth Police Department issued Policies and Procedures (Policy 320.01 A). This governs when and under what circumstances a motor vehicle may be impounded. Policy 320.01 A was admitted as State's Exhibit 1 and reads as follows:

An officer of the department may impound a motor vehicle and conduct a standard inventory of its contents under the following circumstances:

1. Removal of motor vehicles from the scene of an accident.
2. Impoundment of motor vehicles parked in a tow away zone.
3. The motor vehicle is stolen or the officer has probable cause to believe that it is stolen.
4. The driver is removed from the vehicle and placed under arrest, there is reasonable connection between the arrest and the vehicle, and no other alternatives are available other than impoundment to ensure the protection n of the vehicle.
5. The owner or driver requests or consents to the impoundment by the officer.
6. A motor vehicle which is being stored on any public street, parkway, sidewalk, or alley in accordance with General Order 320.07,
7. A motor vehicle, which constitutes a danger, hazard, or obstruction to others using the public to others using the public streets or highways.
8. The officer is authorized to seize and impound the motor vehicle under statute (e.g., section 103.03 of the Alcoholic Beverage code), a city ordinance, a court order, or the laws of search or seizure.

None of the conditions listed above were present at the time of the impoundment. Officer Evans did not follow the procedures of the Fort Worth Police Department when he decided to impound the Chevrolet Impala automobile. The Impala was not involved in an accident nor was it illegally parked. (4-24, 25). Appellant was not removed from the Impala for an arrest. According to Officer Evans—the arresting officer—Appellant was

10

arrested inside the Chevron station, while he was outside of the vehicle; thus, he was not removed from the Impala for an arrest. Officer Evans admitted, multiple times, that he did not follow the policies and procedures of the Fort Worth Police Department when he impounded the Impala. Based on Officer Evans's own testimony, none of the permitted circumstances for impoundment were present in this instant case. According to Officer Evans, the reason for the impoundment was: "For protection of the vehicle, the property itself. And also there was an animal inside the vehicle which had to be removed and taken into safety." This is not a valid reason for impounding the Impala under the policies and procedures of the Fort Worth Police Department.

Needing to impound the vehicle for the safety of the animal is not a valid condition for impounding the Impala. Even then, according to Officer Morehouse, the animal was removed from the vehicle before he even started to inventory the Impala. Therefore, any reasoning provided by the officers of the Fort Worth Police Department do not support a proper inventory search. An inventory search is only authorized when a vehicle is impounded. Officer Morehead admitted that the policies and procedures of the Fort Worth Police Department did not authorize impounding the Impala.

The impoundment of the Impala was not authorized under the policies and procedures of the Fort Worth Police Department; thus, the impoundment and subsequent inventory search of the vehicle was unconstitutional. Under *Garza v. State*, the state carries the burden of proving that the impoundment is lawful. Garza v. State, 137 S.W.3d 878, 882 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd). They may satisfy this burden by proving

11

the following: (1) the driver was arrested, (2) no alternatives other than impoundment were available to ensure the vehicle's protection, (3) the impounding agency had an inventory policy, and (4) the policy was followed. The state did not prove that the policies and procedures of the Fort Worth Police Department were followed when the Impala was impounded. *Id.* Based on testimony of officers involved and their admissions, they did not follow their own inventory policy. The inventory search was invalid because the impoundment was not authorized and Appellant's rights were violated under the 4th and 14th Amendments to the U. S. Constitution.

## C.  ERROR IN ADMITTING EVIDENCE – HARM ANALYSIS:

The firearm seized from the vehicle was the only evidence that supported Appellant's conviction. The harm to Appellant resulting from the trial court's wrongful overruling of his Motion to Suppress Evidence is evident. This Court should reverse Appellant's conviction and order a new trial because the fruits of the illegal conduct harmed Appellant. Based on the above and foregoing, Appellant's rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the U. S. Constitution, Article 38.23 of the Texas Code of Criminal Procedure, and Article 1, Sections 9, 10, and 19 of the Texas Constitution were violated and such violations require Appellant's conviction to be reversed.  U.S. Const. Amend. IV, V, XIV; Tex. Const. Art. I, §9; §10, and §19; and Tex. Code Crim. Proc. Art. 38.23 (2001); Tex. Code. Crim. Proc. Art. 18.22(2001).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Appellant prays:

1.     That the judgment in this case be reformed and the deadly weapon finding be stricken from the judgment;

2.     To any further relief to which the Appellant may be entitled.


Respectfully submitted,

Stickels & Associates, P.C.
P. O. Box 121431
Arlington, Texas 76012
Phone: (817) 479-9282
Fax: (817) 622-8071


BY: /S/ John W. Stickels
    John W. Stickels
    State Bar No. 19225300
    john@stickelslaw.com
    Bethel T. Zehaie
    SBOT No. 24073791
    bethel@stickelslaw.com
    Attorneys for Brence J. Walker


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Brief has been served on the office of the Attorney for the State, on the 2nd day of July, 2015.

/S/ John W. Stickels
John W. Stickels

13

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Tex. R. App. P. 9.4(i)(2) because it contains 3,040 words, excluding the parts of the brief exempted by Tex. R. App. P. 9(4)(i)(1).

2.      This brief complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in proportional spaced typeface using Microsoft Word software in Times New Roman 14-Point text and Times New Roman 12-point font in footnotes.

/S/ John W. Stickels
John W. Stickels

14