**Opinion issued March 15, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00130-CR

———————————

## MICHAEL W. PETERS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1413407**

---

# MEMORANDUM OPINION

The trial court convicted Michael W. Peters of possession with intent to deliver more than four grams and less than 200 grams of methamphetamine,[1] and

---

[1]    TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.112(a), (d) (West 2010).

assessed his punishment at ten years' incarceration in the Texas Department of Criminal Justice, Institutional Division. In one issue, appellant complains that the trial court erred in denying his motion to suppress because the State did not prove that the deputy conducted the inventory search according to standard police procedure. We affirm.

## Background

Deputy K. Cornelius with the Harris County Precinct 3 Constable's Office stopped appellant for driving with an expired registration sticker. After he learned that there were six open warrants for appellant's arrest, Deputy Cornelius arrested appellant and called a tow truck to pick up appellant's vehicle. The deputy then conducted an inventory search of the vehicle.

At the suppression hearing, Deputy Cornelius testified that when a driver is arrested and his vehicle is towed, Precinct 3's policy requires the arresting officer to "conduct an inventory of the vehicle for any valuable property." The purpose of the inventory search is to safeguard the arrested person's property, and to protect the deputy from any accusations of wrongdoing. According to the deputy, Precinct 3's inventory policy requires the arresting officer to complete a "carbon copy tow slip form," listing any pertinent or valuable property found within the vehicle, including property found inside any unsecured or unlocked containers. A copy of the inventory policy was admitted into evidence.

Deputy Cornelius testified that he filled out the tow slip and that his search complied with Precinct 3's inventory search policy. When asked if he found any valuables in the vehicle, Deputy Cornelius testified that he recalled there being some speakers in the back of the vehicle, but he could not recall anything else without looking at the tow slip.

During the inventory search, Deputy Cornelius found a glass pipe wrapped up in a towel inside the vehicle's unlocked center console. Based on his training and experience, the deputy concluded that the pipe contained fresh methamphetamine residue. Deputy Cornelius testified that, at that point, his inventory search also became a probable cause search of the vehicle for any other narcotics. While conducting his dual-purpose search, the deputy found a small, unlocked, safe on the back seat of the vehicle that contained five clear plastic baggies with a crystal-like substance he later determined to be methamphetamine, a digital scale, baggies with assorted types of pills, a baggie with a green leafy substance that smelled of marijuana, and a baggie with a rolled cigarette that smelled of burnt marijuana. On cross-examination, Deputy Cornelius expressly denied that he was "searching for drugs because [he] knew [appellant] was on parole for methamphetamine," and he testified, "[i]n the beginning I was conducting an inventory of the vehicle's contents."

The trial court denied appellant's motion to suppress without issuing any findings of fact or conclusions of law. Appellant pleaded guilty pursuant to a plea bargain with the State. The trial court found appellant guilty and, in accordance with appellant's plea agreement, assessed his punishment at ten years' incarceration.

## Discussion

Appellant argues that the trial court erred in denying his motion to suppress because the State failed to demonstrate that Deputy Cornelius complied with Precinct 3's inventory policy. According to appellant, the trial court could not have reasonably determined that Deputy Cornelius conducted a valid inventory search because the deputy omitted valuable items from his inventory, and the descriptions of the items he did include lacked the detail and specificity required by the policy.[2] Specifically, appellant argues that the tow slip, which generally identifies the vehicle's contents as a "cell phone," a "bag of change," "misc clothes," and "misc tools," does not include the two speakers, the towel, the pipe, or the safe and its contents.

### A.      Standard of Review and Applicable Law

We review the trial court's denial of a motion to suppress for an abuse of discretion. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We

---

[2]      The policy requires that the deputy maintain "detailed notes as to the type, amount, and disposition of the [arrested person's] property."

4

review the facts in the light most favorable to the trial court's decision, and review de novo the court's application of the law to the facts. *See id*. When, as in this case, the trial court does not make explicit findings of fact, we must infer the necessary findings that support the trial court's ruling if the record supports the implied findings. *State v. Garcia–Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). The trial judge is the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). The trial court may choose to believe or disbelieve any part or all of a witness's testimony. *Green v. State*, 934 S.W.2d 92, 98 (Tex. Crim. App. 1996). A trial court ruling will be sustained if it is reasonably supported by the record and correct on any theory of law applicable to the case. *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003).

A police officer's inventory of the contents of an automobile is permissible under both the Fourth Amendment and Article 1, section 9 of the Texas Constitution if the inventory search is conducted pursuant to a lawful impoundment of the vehicle. *Garza v. State*, 137 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *see also Moskey v. State*, 333 S.W.3d 696, 700 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Inventory searches have several legitimate purposes, including protecting: (1) the owner's property while it is in police custody, (2) the police against claims or disputes over lost or stolen property, and (3) the police from

potential danger. *See Moskey*, 333 S.W.3d at 700. To be legal, an inventory search must be conducted in good faith and pursuant to reasonable, standardized police procedure. *Id.* The search cannot be a "ruse for a general rummaging in order to discover incriminating evidence." *Id.* (quoting *Florida v. Wells*, 495 U.S. 1, 4, 110 S. Ct. 1632, 1635 (1990)). The State has the burden of establishing the legality of an inventory search and it can satisfy this burden by demonstrating that: (1) an inventory policy exists, and (2) the officer followed the policy. *Moskey*, 333 S.W.3d at 700. An officer's testimony, standing alone, can be sufficient to meet this burden. *See Josey v. State*, 981 S.W.2d 831, 843 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (holding that officer's testimony regarding substance of inventory policy and procedure used was sufficient to show that policy existed and was followed).

## B. Analysis

Deputy Cornelius testified that when a driver is arrested and his vehicle is towed, Precinct 3's policy requires the arresting officer to search the vehicle and list on a tow slip any valuable property found in the vehicle, including items found inside any unsecured or unlocked containers. He also testified that after he called for a tow truck, he began to inventory the contents of appellant's vehicle by filling out a tow slip form provided by the Constable's office. While conducting his inventory search, the deputy discovered a methamphetamine pipe inside the vehicle's unlocked center console that prompted him to search the vehicle for other narcotics and, in doing so,

he found an unlocked safe containing five baggies of methamphetamine. Deputy Cornelius also testified that, until he found the methamphetamine pipe, he was only searching the vehicle in order to inventory its contents.

This testimony is sufficient to establish that an inventory policy existed, and that Deputy Cornelius conducted the inventory search in good faith and pursuant to the policy. *See Josey*, 981 S.W.2d at 843 (holding that officer's testimony regarding substance of inventory policy and procedure used was sufficient to show that policy existed and was followed). Although the inventory list does not strictly comply with the policy, strict compliance is not required in order for a search to be lawful. *See Wells*, 495 U.S. at 4, 110 S. Ct. at 1635 (stating that inventory searches need not be conducted in "totally mechanical 'all or nothing' fashion"); *Greer v. State*, 436 S.W.3d 1, 8 (Tex. App.—Waco 2014, no pet.) (holding that omission of gun and bullet from inventory and failure to itemize items of clothing were insufficient to establish that trial court abused its discretion by determining that inventory search was lawful); *see also United States v. Garreau*, 658 F.3d 854, 858 (8th Cir. 2011) (holding that minor deviations from inventory policy are insufficient to render search unlawful). We further note that inventory searches are intended to protect a defendant's property while the items are in police custody and to protect the police from undue complaints, and there has been no suggestion of any irregularity with regard to the handling of appellant's property.

As the exclusive trier of fact and judge of witness credibility, the trial court could have reasonably found based on the deputy's testimony and the policy that despite the list's deficiencies, there was sufficient evidence establishing that the inventory search was not a pretext to search for narcotics. *Cf. State v. Stauder*, 264 S.W.3d 360, 364 (Tex. App.—Eastland 2008, pet. ref'd) (affirming suppression when trial court could have concluded that inventory search was ruse based on officers' complete failure to fill out any inventory form as required).

Accordingly, we hold that the trial court did not abuse its discretion when it denied appellant's motion to suppress because the trial court could have reasonably determined that the inventory search was lawful.

We overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Higley, Huddle, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).