

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00178-CR

GARRETT HAMMOND,

                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                    Appellee

From the County Court at Law No. 2
McLennan County, Texas
Trial Court No. 2016-1106-CR2

## MEMORANDUM OPINION

The jury convicted Garrett Hammond of the offense of assault family violence and assessed his punishment at 120 days confinement and a $1000 fine. We affirm.

In the sole issue on appeal, Hammond argues that the trial court erred in admitting testimony of a prior violent incident. Heather L. testified at trial that she and Hammond, her boyfriend, got into an argument on November 25, 2015 and that Hammond pushed her and she pushed him back. Heather stated that Hammond threw her down on the

bed, got on top of her, and held her down by her arms. Heather testified that Hammond then took her outside and pushed her off the porch. Heather got up to run, but Hammond threw her back down and slapped her. Heather said that Hammond stopped when a neighbor came outside. Heather then went to the neighbor's house and the police later arrived.

During Heather's testimony, the State sought to introduce evidence of previous violent incidents between Heather and Hammond. The trial court held a hearing outside the presence of the jury, and the State indicated that it was offering the evidence pursuant to Article 38.371 of the Texas Code of Criminal Procedure. The trial court ruled that the evidence was not admissible "at this time" and that the State could take up the issue later in the trial. The trial court noted that it would allow testimony under Article 38.371 if "approached in the right manner."

The State resumed its direct examination of Heather and asked "was this the first time that you had – that [Hammond] left bruises on your forearms?" Heather responded "no" and then Hammond objected stating, "you've already ruled on this. I'd ask the court to stop this line of questioning." The trial court overruled the objection. The State then asked Heather if in the previous incident the bruises were left while playing around. Hammond stated "same objection." The trial court overruled the objection and noted "this goes to 38.371."

We review a trial court's ruling regarding the admission or exclusion of evidence for an abuse of discretion. *See Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011); *see also De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). If the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion. *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). We consider the ruling in light of what was before the trial court at the time the ruling was made and uphold the trial court's decision if it lies within the zone of reasonable disagreement. *Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009).

Article 38.371 of the Texas Code of Criminal Procedure provides:

(b) In the prosecution of an offense described by Subsection (a), subject to the Texas Rules of Evidence or other applicable law, each party may offer testimony or other evidence of all relevant facts and circumstances that would assist the trier of fact in determining whether the actor committed the offense described by Subsection (a), including testimony or evidence regarding the nature of the relationship between the actor and the alleged victim.

(c) This article does not permit the presentation of character evidence that would otherwise be inadmissible under the Texas Rules of Evidence or other applicable law.

TEX. CODE CRIM. PROC. ANN. art. 38.371 (West Supp. 2017).

Generally, extraneous-offense evidence is not admissible at the guilt phase of a trial to prove that a defendant committed the charged offense in conformity with bad character. TEX.R.EVID. 404(b); *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). However, extraneous-offense evidence may be admissible when it has relevance apart

from character conformity such as rebuttal of a defensive theory. *Id.*; *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). The door to the admission of extraneous-offense evidence can be opened to rebut a defensive theory presented at least as early as in the opening statement. *Dabney v. State*, 492 S.W.3d 309, 317 (Tex. Crim. App. 2016).

Hammond argues that because there was not a permissible non-character purpose for admitting the evidence under Rule 404(b), the evidence could not be admitted pursuant to Article 38.371. We agree that Article 38.371 does not allow the presentation of character evidence that would be inadmissible under Rule 404(b). *See Gonzalez v. State*, No. 14-16-00739-CR, 2017 WL 5618018 *4 (Tex.App. —Houston [14th Dist.] Nov. 21, 2017, no pet.). However, the defense argued that Hammond was the actual victim and that Heather was the aggressor requiring Hammond to restrain her. The trial court could have concluded that the evidence was admissible to refute the defensive theory that Heather was the aggressor. *Id*.

Article 38.371(b) allows testimony or evidence to show the nature of the relationship between the alleged victim and the actor. The trial court further could have concluded that Heather's testimony was not for the purpose of establishing Hammond's bad character, but was admissible to show the nature of the relationship between Heather and Hammond in how they interacted with each other on previous occasions. We find that the trial court did not abuse its discretion in admitting the testimony.

Hammond also argues that the trial court erred in admitting the evidence because the probative value of the evidence was outweighed by the danger of unfair prejudice pursuant to Rule 403. Evidence may be excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. TEX. R. EVID. 403; *see Greer v. State*, 436 S.W.3d 1, 9 (Tex. App. —Waco 2014, no pet.).

During a hearing outside the presence of the jury the State indicated that it was offering the evidence pursuant to Article 38.371 of the Texas Code of Criminal Procedure. Hammond objected under Rule 404(b) and Rule 403. The trial court ruled that the evidence was not admissible "at this time" and that the State could take up the issue later in the trial. The trial court noted that it would allow testimony under Article 38.371 if "approached in the right manner." After the State asked Heather about the previous incident, Hammond's trial counsel objected stating, "you've already ruled on this. I'd ask the court to stop this line of questioning." The trial court overruled the objection. The State then asked Heather another question, and Hammond stated "same objection." The trial court overruled the objection and noted "this goes to 38.371."

Rule 33.1 of the Texas Rules of Appellate procedure requires that a complaint be made to the trial court by a timely request, objection, or motion that, "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds

were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). Rule 33.1 also requires that the record show that the trial court "ruled on the request, objection, or motion, either expressly or implicitly" or "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." TEX. R. APP. P. 33.1(a)(2). At the time the trial court allowed the testimony, Hammond did not indicate he was objecting pursuant to Rule 403, and the record is not clear that the trial court ruled on a Rule 403 objection. Therefore, Hammond has not preserved this complaint for appellate review. We overrule the sole issue on appeal.

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed April 18, 2018
Do not publish
[CR25]

