

IN THE
TENTH COURT OF APPEALS

No. 10-18-00162-CR

BILLY RODRIGUEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2015-2089-C2

MEMORANDUM OPINION

In two issues, appellant, Billy Rodriguez, challenges his conviction for continuous

sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2018).

Because we overrule both of Rodriguez's issues on appeal, we affirm.

## I. BACKGROUND

Rodriguez was charged by indictment with the continuous sexual abuse of F.R., a

child younger than fourteen years of age. *See id.* Rodriguez pleaded "not guilty" to the

charged offense, and this matter proceeded to trial. At the conclusion of the trial, the jury

found Rodriguez guilty of the charged offense and assessed punishment at forty-two years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. The trial court certified Rodriguez's right of appeal, and this appeal followed.

## II. RIGHT TO SPEEDY TRIAL

In his first issue, Rodriguez complains that the trial court violated his "constitutional right to a speedy trial when it violated Code of Criminal Procedure Article 38.37 by not excluding late-disclosed prior bad-act testimony."[1] *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 (West 2018). Rodriguez further argues that the "current requirement that a defendant request a continuance to preserve this error violates [his] right to a speedy trial."

A speedy-trial claim must be preserved. *See Henson v. State*, 407 S.W.3d 764, 768 (Tex. Crim. App. 2013); *see also Crocker v. State*, 441 S.W.3d 306, 311 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) ("Intermediate courts of appeal, including this one, likewise have held a speedy trial complaint waived—and declined to address the *Barker* factors— where the speedy trial issue was not timely preserved in the trial court."). To preserve error for appellate review, a complaining party must make a timely and specific objection.

---

[1] Rodriguez's complaint in this issue pertains to the State's third amended notice of intent to offer evidence under, among other things, article 38.37, which was filed on March 26, 2018, and provided the following, in relevant part:

> Any and all facts and evidence, including testimony and photographs, relating to the defendant showing the complaining witness condoms at the Dollar Store (99 Cent Store) by Hobby Lobby, and the Defendant telling her that now she knows where she can buy them and put them on him, on or about December 26, 2014.

*See* TEX. R. APP. P. 33.1(a)(1); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Texas courts have held that points of error on appeal must correspond or comport with objections and arguments made at trial. *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998); *see Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Wright*, 154 S.W.3d at 241; *see Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003) (holding that an issue was not preserved for appellate review because appellant's trial objection did not comport with the issue he raised on appeal).

A review of the record shows that Rodriguez did not assert a speedy-trial claim while this case was pending in the trial court. And though Rodriguez did express frustration with the delays in this case at a hearing on trial counsel's motion to withdraw, the record further reflects that Rodriguez did not specifically assert a speedy-trial claim and, instead, agreed to postpone trial settings at least three times. Based on the foregoing, we cannot say that Rodriguez preserved his speedy-trial complaint. *See* TEX. R. APP. P. 33.1(a)(1); *see also Henson*, 407 S.W.3d at 768; *Wilson*, 71 S.W.3d at 349.

To the extent Rodriguez complains about the purported late-disclosed prior-bad-act testimony under article 38.37 of the Code of Criminal Procedure, we note that Rodriguez did not request a continuance when he became aware of the complained-of evidence; rather, he requested that the evidence be excluded. *See Martines v. State*, 371

S.W.3d 232, 249 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Martin v. State*, 176 S.W.3d 887, 900 (Tex. App.—Fort Worth 2005, no pet.); *Koffel v. State*, 710 S.W.2d 796, 802 (Tex. App.—Fort Worth 1986, pet. ref'd)); *see also Lindley v. State*, 635 S.W.2d 541, 544 (Tex. Crim. App. 1982) ("[The defendant's] failure to request a continuance when he became aware of the [extraneous-offense] evidence waived any error urged in an appeal on the basis of surprise."). Because Rodriguez was required to request a continuance to mitigate the effects of surprise associated with the State's purported failure to provide reasonable notice of its intent to use extraneous-offense evidence, we conclude that Rodriguez failed to preserve his complaint in this issue regarding any violation of article 38.37 of the Code of Criminal Procedure. Accordingly, we overrule Rodriguez's first issue.

### III.   TEXAS RULE OF EVIDENCE 403

In his second issue, Rodriguez complains that the trial court violated Texas Rule of Evidence 403 by allowing testimony regarding his use of the word "n****r" when there was no probative value for the testimony. We disagree.

### A.   Applicable Law

Evidence may be excluded under Rule 403 if the danger of unfair prejudice substantially outweighs the probative value of the evidence. TEX. R. EVID. 403; *see Greer v. State*, 436 S.W.3d 1, 9 (Tex. App.—Waco 2014, no pet.). Rule 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Allen v. State*, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003). In

considering a Rule 403 objection, the trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

The trial court has broad discretion in conducting a Rule 403 balancing test, and we will not lightly disturb its decision. *Allen*, 108 S.W.3d 284; *Greer*, 436 S.W.3d at 9. All testimony and physical evidence will likely be prejudicial to one party or the other. *Jones v. State*, 944 S.W.2d 642, 653 (Tex. Crim. App. 1996). It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value that Rule 403 is applicable. *Id.*

B.   **Discussion**

In response to questioning by the prosecutor, the child victim, F.R., described the situation when she finally told her mother about the sexual abuse as follows:

> Yes. She had—he had came over and my mom knew something was wrong with him because of the way he was acting. And he was saying a certain word that my mom only knew he said when he was drunk. And when he

had came, he was just walking around like he—like he owned my house, you know.

> [The Prosecutor]: What word was he saying? I know it's a bad word and I know you don't want to say it, but I think it's important that—
>
> [Defense counsel]: Your Honor, I'd object under 403.
>
> THE COURT: Overruled.
>
> [The Prosecutor]: What word was he saying?
>
> [F.R.]: N****r.

After Rodriguez used this word and started poking F.R. and her mother, F.R. said: "Why don't you tell mom what you've been doing to me and what you had me drink?" This statement confused F.R.'s mother, which prompted her mother to ask Rodriguez to leave the house. Rodriguez left the house, and F.R. then spoke with various people when disclosing the sexual abuse.

As shown above, the complained-of evidence was probative to show that both F.R. and her mother knew that Rodriguez was drunk because that was the only time Rodriguez used the word. The State needed this testimony to provide context for F.R.'s outcry and to show that F.R. was aware Rodriguez's intoxication posed a danger to her. Furthermore, this testimony took very little time to develop, and there is nothing in the record demonstrating that the admission of the complained-of evidence improperly inflamed the passions of the jury such that a decision was rendered on an improper basis. Therefore, based on the foregoing, we cannot say that the trial court abused its discretion

by admitting the complained-of testimony.[2]  *See Gigliobianco*, 210 S.W.3d at 641-42; *Allen*, 108 S.W.3d at 284; *Jones*, 944 S.W.2d at 653; *see also Greer*, 436 S.W.3d at 9.  We overrule Rodriguez's second issue.

## IV.   CONCLUSION

Having overruled both of Rodriguez's issues on appeal, we affirm the judgment of the trial court.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
(Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed February 27, 2019
Do not publish
[CRPM]

*(Chief Justice Gray concurs in the Court's judgment.  A separate opinion will not issue.)



---

[2] Additionally, we are not persuaded by Rodriguez's reliance on a civil case—*Coastal Oil & Gas Corporation v. Garza Energy Trust*, 268 S.W.3d 1, 23 (Tex. 2008)—in this criminal matter.  Moreover, in *Coastal Oil*, the Texas Supreme Court concluded that the trial court erred by admitting a memo that included the slur, "illiterate Mexicans," because "the significant danger of unfair prejudice presented by the memo substantially outweighed its probative value, which was zero . . . ."  *Id.* at 25.  However, in the instant case, the complained-of evidence was probative in providing context surrounding F.R.'s outcry and the danger Rodriguez's intoxication posed to F.R.